Filed 5/28/21  P. v. Thomas CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H047467 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS160707A) |
| v. | |
| SHANE LAMONT THOMAS, JR., | |
| Defendant and Appellant. | |

Pursuant to a negotiated plea agreement, appellant Shane Lamont Thomas, Jr. pleaded no contest to felony assault with force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)[1]) and felony evading an officer (Veh. Code, § 2800.2, subd. (a)).  He also admitted allegations that he had served two prior prison terms (§ 667.5, subd. (b)) (hereafter "prior prison term enhancement") and had suffered a prior strike conviction (§ 1170.12, subd. (c)(1)).  In accord with the plea agreement, the trial court sentenced Thomas to seven years four months in prison, which included two consecutive one-year prior prison term enhancements.

On appeal, Thomas contends this court should strike the two prior prison term enhancements in light of Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136).

---

[1] Unspecified statutory references are to the Penal Code.

The Attorney General concedes that the prior prison term enhancements are invalid under current law but argues this court should remand the case to allow the district attorney and the trial court to withdraw their approval of the plea agreement.

For the reasons explained below, we conditionally reverse the judgment and remand the matter to permit Thomas the opportunity to request relief under Senate Bill 136 in the trial court. Additionally, we note for the trial court clerical errors we have identified in the current abstract of judgment.

## I. PROCEDURAL BACKGROUND

On August 8, 2019, the Monterey County District Attorney filed an amended information charging Thomas with assault with a deadly weapon (§ 245, subd. (a)(1); count 1), evading a pursuing peace officer while driving with willful wanton disregard for safety (Veh. Code, § 2800.2, subd. (a); counts 2 & 8), evading a pursuing peace officer while driving willfully against traffic (Veh. Code, § 2800.4; count 9), misdemeanor resisting an officer (§ 148, subd. (a)(1); count 3), misdemeanor hit-and-run driving (Veh. Code, § 20002, subd. (a); counts 4, 5 & 10), misdemeanor driving with a license that was suspended for driving under the influence (Veh. Code, § 14601.2, subd. (a); counts 6 & 11), and misdemeanor giving false information to an officer (§ 148.9, subd. (a); count 7).[2] In addition, the information alleged that Thomas had suffered a prior strike conviction (§ 1170.12, subd. (c)(1)) and had served three prior prison terms within the meaning of then-current section 667.5, subdivision (b). The prior prison terms had resulted from Thomas's convictions for domestic violence (§ 273.5, subd. (a)), assault with a deadly weapon (§ 245, subd. (a)(1)), and possession of a firearm by a felon (former § 12021, subd. (a)(1)).

---

[2] The amended information was filed in Monterey County Superior Court case No. SS160707A and combined charges from that case with those filed originally in another case, No. SS161282A. The charges in the amended information arose from two different incidents. We do not recount the underlying facts of Thomas's offenses because they are not relevant to the issues in this appeal.

On August 8, 2019, the district attorney amended count 1 to allege felony assault with force likely to produce great bodily injury (§ 245, subd. (a)(4)). Pursuant to a negotiated written plea agreement, Thomas pleaded no contest to count 1 (as amended) and count 8 (felony evading an officer). Thomas also admitted the prior strike conviction allegation and two of the three prior prison term enhancement allegations (i.e., for his domestic violence conviction and assault with a deadly weapon conviction). The parties stipulated that Thomas's total prison term would be seven years four months. The plea agreement included a waiver of Thomas's rights to appellate review,[3] but the agreement did not contain any provision stating that it would be unaffected by future statutory changes. The trial court accepted Thomas's plea.

On October 10, 2019, the trial court sentenced Thomas under the terms of the plea agreement. The court imposed a prison sentence of four years on count 1, a consecutive 16-month term on count 8, and consecutive one-year terms for each of the two prior prison term enhancements, for an aggregate term of seven years four months. The remaining counts and prior prison term enhancement allegation were dismissed on the district attorney's motion.

Thomas timely filed a notice of appeal, and the trial court granted a certificate of probable cause.

## II. DISCUSSION

A. *Senate Bill 136 and the Prior Prison Term Enhancements*

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b), to limit prior prison term enhancements solely to prior terms that were served for sexually

---

[3] The waiver provision reads as follows: "(Appeal and Plea Withdrawal Waiver) I hereby waive and give up all rights regarding state and federal writs and appeals. This includes, but is not limited to, the right to appeal my conviction, the judgment, and any other orders previously issued by this court. I agree not to file any collateral attacks on my conviction or sentence at any time in the future. I further agree not to ask the Court to withdraw my plea for any reason after it is entered."

violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b); Stats. 2019, ch. 590, § 1; *People v. Lopez* (2019) 42 Cal.App.5th 337, 341.)

With the exception of the appropriate remedy, Thomas and the Attorney General agree on the resolution of the substantive issues posed by Thomas's appeal. We concur in these conclusions. First, Thomas's appellate-rights waiver does not preclude him from seeking the benefit of Senate Bill 136. (§ 1016.8, subd. (b); see *People v. Castellanos* (2020) 51 Cal.App.5th 267, 273; *People v. Barton* (2020) 52 Cal.App.5th 1145, 1153–1154.) Second, the prior prison terms that underlie the two admitted prior prison term enhancement allegations were not served by Thomas for a sexually violent offense. (§ 667.5, subd. (b).) Third, the changes effected by Senate Bill 136 apply retroactively to cases in which the judgment is not yet final. (*People v. Winn* (2020) 44 Cal.App.5th 859, 872; *People v. Petri* (2020) 45 Cal.App.5th 82, 94.) Lastly, the prior prison term enhancements here no longer apply to Thomas's case.

The parties, however, do not agree on the remedy for cases, such as this one, where the now-invalid prior prison term enhancements were an integral part of a stipulated sentence reached through a plea agreement and imposed by the trial court pursuant to that agreement. In his opening brief, Thomas contends that we should either strike the two one-year prior prison term enhancements from his sentence (thereby reducing it from seven years four months to five years four months) or "remand the matter to the trial court with directions for the trial court to strike the enhancements while leaving the 'remainder of the sentences imposed under the plea agreement intact.' " In his reply brief, however, Thomas appears to abandon the latter request for a remand. Instead, Thomas urges this court to "strike his two prior prison terms without a remand for resentencing." As support for that remedy, Thomas relies primarily on *People v. France* (2020) 58 Cal.App.5th 714, review granted February 24, 2021, S266771 (*France*).

The Attorney General, by contrast, contends we should remand the case to the trial court "with directions to strike the enhancements, allowing the People (and the court) the opportunity to withdraw their approval of the plea." As support for this contention, the Attorney General relies primarily on the California Supreme Court's decision in *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*).

We begin our examination of the appropriate remedy by discussing the California Supreme Court's decision in *Stamps* and subsequent Court of Appeal cases that address Senate Bill 136. In *Stamps*, our higher court examined a different ameliorative statute, Senate Bill No. 1393 (2017-2018 Reg. Sess.). (*Stamps*, *supra*, 9 Cal.5th at p. 692.) Senate Bill No. 1393 amended section 667, subdivision (a), and section 1385 to give the trial court discretion to strike or dismiss a serious felony enhancement in furtherance of justice—an action that was not previously authorized. (*Stamps*, at p. 692; Stats. 2018, ch. 1013, §§ 1 & 2.) In *Stamps*, the defendant claimed the new law applied retroactively to his case because the judgment was not yet final. The California Supreme Court agreed. (*Stamps*, at p. 699.)

Regarding the proper remedy in light of the newly bestowed trial court discretion under Senate Bill No. 1393, the California Supreme Court rejected defendant's contention that his case should be "remand[ed] to the trial court to consider striking the serious felony enhancement while otherwise maintaining [his] plea agreement intact." (*Stamps*, *supra*, 9 Cal.5th at p. 700.) The court reasoned that, when enacting Senate Bill No. 1393, the Legislature did not "intend[] to overturn long-standing law that a court cannot unilaterally modify an agreed-upon term [of a plea bargain] by striking portions of it under section 1385." (*Stamps*, at p. 701.) Further, the court explained that "the remedy defendant seeks, to allow the court to strike the serious felony enhancement but otherwise retain the plea bargain, would frustrate the Legislature's intent to have section 1385 apply uniformly, regardless of the type of enhancement at issue, by granting the court a power it would otherwise lack for any other enhancement. That Senate Bill 1393 is silent

regarding pleas and provides no express mechanism for relief undercuts any suggestion that the Legislature intended to create special rules for plea cases involving serious felony enhancements." (*Id*. at p. 704.) The court concluded that, while the defendant should be given the opportunity to ask the trial court to exercise its new discretion to strike the serious felony enhancement, the People should be allowed to withdraw from the plea bargain if the trial court indicates an inclination to exercise its discretion to strike the enhancement. (*Id*. at p. 707.)

Regarding the remedy that should ensue in plea cases from the ameliorative change effected by Senate Bill 136, there are currently disparate lines of Court of Appeal precedent on this issue, and the question is pending before the California Supreme Court. One Court of Appeal, relying on *Stamps* and other cases, has concluded the proper remedy is to reverse the judgment and remand with directions for the trial court to strike the prior prison term enhancement and to allow the People to withdraw assent to the plea agreement and the trial court to withdraw its approval of the plea agreement. (*People v. Hernandez* (2020) 55 Cal.App.5th 942, 956–960, review granted Jan. 27, 2021, S265739 (*Hernandez*).)

Another line of precedent, relying principally on *Stamps* and *Hernandez*, concludes that if Senate Bill 136 renders a plea agreement "unenforceable," the judgment should be reversed, and on remand the trial court should strike the prior prison term enhancement and allow the parties to "enter into a new plea agreement that does not include the enhancement." (*People v. Griffin* (2020) 57 Cal.App.5th 1088, 1092, review granted Feb. 17, 2021, S266521 (*Griffin*); *People v. Joaquin* (2020) 58 Cal.App.5th 173, 175, 179, review granted Feb. 24, 2021, S266594 [accord].) Additionally, by contrast to *Hernandez*, the Court of Appeal in *Griffin* concluded "it would be an abuse of discretion for the trial court to impose a longer sentence than the original agreement if a new plea agreement is entered on remand." (*Griffin*, at p. 1091, review granted; see also *Joaquin*,

6

at pp. 175, 178–179, review granted; cf. *Hernandez*, *supra*, 55 Cal.App.5th at p. 959, review granted.)

A third line of Court of Appeal precedent disagrees with the analysis of the court in *Hernandez*, views Senate Bill No. 1393 and *Stamps* as distinguishable, concludes that remand is not necessary to address a now-invalid prior prison term enhancement, and thus modifies the judgment by striking the one-year enhancement. (*France*, *supra*, 58 Cal.App.5th at pp. 718, 727–730, review granted; *People v. Andahl* (2021) 62 Cal.App.5th 203, 214–215, petn. for review pending, petn. filed Apr. 20, 2021, S268336 [accord].)

The California Supreme Court has granted review in *Hernandez* and the other cases we have mentioned. The issues presented in *Hernandez* (which is the lead case) are: "(1) If a defendant's prior prison term enhancements are stricken under Senate Bill No. 136, does the remainder of the sentence agreed to under a plea agreement remain intact or must the case be remanded to allow the People to withdraw from the plea agreement and to obtain the trial court's approval (see *People v. Stamps* (2020) 9 Cal.5th 685)? (2) If the plea agreement is rescinded in light of Senate Bill No. 136, can the defendant be sentenced to a term longer than provided for in the original agreement?"

Thomas urges us to follow *France* and simply strike his two prior prison term enhancements. In *France*, the Court of Appeal contrasted Senate Bill 136—which the court viewed as mandating the striking of the prior prison term enhancement—with the discretionary authority to strike a serious felony enhancement afforded by Senate Bill No. 1393. (*France*, *supra*, 58 Cal.App.5th at pp. 728–729.) The court in *France* found the difference between "how Senate Bill 1393 and Senate Bill 136 operate" to be "significant" (*id*. at p. 728) and viewed Senate Bill 136 as "not involv[ing]" *Stamps*'s concern about a court unilaterally modifying an agreed-upon sentence. (*Id*. at p. 729.) The court further opined that neither the text nor the legislative history of Senate Bill 136 runs contrary to striking a prior prison term enhancement while leaving the remainder of

7

a plea bargain intact. (*Ibid*.) Additionally, the court concluded that *Hernandez*'s allowance for the prosecution's assent to the retroactive application of Senate Bill 136 "undermine[d] the *Estrada*[4] principle that the Legislature intends a lighter penalty to apply 'to every case to which it constitutionally could apply' [citation], particularly as defendants who plead guilty represent the vast majority of convictions." (*Stamps*, at p. 730.)

We are not persuaded by Thomas to adopt the reasoning and holding in *France*. In our view, the Court of Appeal in *Hernandez* appropriately applied our high court's analysis in *Stamps* to the application of Senate Bill 136 to cases involving a sentence stipulated by a plea agreement. The distinction that *France* draws between the mandated dismissal of a prior prison term enhancement under Senate Bill 136 and the discretionary dismissal of a prior serious felony enhancement under Senate Bill No. 1393 "is not the dispositive issue." (*Hernandez*, *supra*, 55 Cal.App.5th at p. 957.) Rather, the focus of the inquiry is "on the history of the amendments to determine whether there was any intent []'to change well-settled law that a court lacks discretion to modify a plea agreement unless the parties agree to the modification' to determine whether the district attorney can withdraw from the plea agreement." (*Ibid*.) We agree with the Court of Appeal in *Hernandez* that "there is no evidence the Legislature intended Senate Bill 136 to permit the trial court to unilaterally modify a plea agreement once the prior prison term enhancements are stricken." (*Id*. at p. 958.)

In the present case, if we were to strike the two prior prison term enhancements and modify Thomas's sentence to four years without the district attorney's consent, we would be unilaterally altering the terms of the plea bargain. (See *Hernandez*, *supra*, 55 Cal.App.5th at p. 958; *Stamps*, *supra*, 9 Cal.5th at p. 707.) Such a change would deprive the district attorney of a principal benefit secured in the plea agreement with Thomas,

---

[4] *In re Estrada* (1965) 63 Cal.2d 740.

namely a prison term of seven years four months. (See *Stamps*, at pp. 705–706, 708–709.) In addition, we perceive no difference to a unilateral amendment of a plea agreement by an appellate court rather than by the trial court. In either instance, the judiciary would unilaterally act to modify a contract to which it is not a party.

Because the two one-year prior prison term enhancements were a material part of Thomas's plea bargain originally negotiated by the parties and approved by the court (and under which the district attorney dismissed multiple remaining charges), we conclude that we cannot afford Thomas the remedy he seeks and will not modify the judgment to strike the two prior prison term enhancements. The district attorney and the trial court must be given the opportunity to withdraw their approval of the original plea agreement if Thomas desires the benefit of the retroactive change in law effected by Senate Bill 136.

Although we reject Thomas's requested remedy, we nevertheless will conditionally reverse the judgment and remand for the limited purpose of allowing Thomas to pursue relief from the now-invalid prior prison term enhancements in the trial court. (See *Stamps*, *supra*, 9 Cal.5th at p. 708.) If Thomas does pursue such relief in the trial court, the district attorney and the trial court will have the opportunity to withdraw their approval of the plea bargain once the trial court strikes the invalid enhancements.[5]

---

[5] For the benefit of the parties and trial court on remand, we note that we do not decide whether Thomas may be resentenced to a prison term greater than the aggregate term agreed to in the original plea agreement. The parties do not address this issue in their briefs on appeal. However, the Attorney General appears to concede the trial court would be constrained when resentencing Thomas to "reconfigur[ing] [his] sentence to accomplish the stipulated seven year four month prison term agreed to under the plea agreement." We leave this legal issue, should it arise, to the trial court for consideration in the first instance. (See *Griffin*, *supra*, 57 Cal.App.5th at p. 1099, review granted; see also *People v. Collins* (1978) 21 Cal.3d 208, 216–217; *People v. Burbine* (2003) 106 Cal.App.4th 1250, 1258–1259; *People v. Craig* (1998) 66 Cal.App.4th 1444, 1448.)

B. *Clerical Errors in the Abstract of Judgment*

In reviewing the record in this appeal, we have noticed two errors in the abstract of judgment (filed on October 23, 2019) regarding the prison time imposed at sentencing on counts 1 and 8. Although neither party in this appeal has mentioned these errors, the abstract of judgment incorrectly states that the time imposed is two years on count 1 and eight months on count 8. Although the abstract of judgment properly states that the total time imposed is seven years four months, the time actually imposed on count 1 is not two years; rather it is four years (i.e., the low term of two years doubled). Further, the time actually imposed on count 8 is not eight months; rather it is one year four months (i.e., one-third midterm sentence of eight months doubled). Accordingly, we will direct the trial court to prepare an amended abstract of judgment that correctly reflects the time imposed on counts 1 and 8. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

### III. DISPOSITION

The judgment is conditionally reversed and the matter is remanded to the trial court for the limited purpose of permitting defendant the opportunity to request relief from the prior prison term enhancements under current law (Pen. Code, § 667.5, subd. (b)), as amended by Senate Bill No. 136 (2018-2019 Reg. Sess.). If defendant does not seek relief, the judgment will be reinstated, and the trial court shall correct the abstract of judgment to indicate that the time imposed on count 1 is four years and on count 8 is one year four months. If the trial court grants relief, either the prosecution may withdraw assent to the plea agreement or the trial court may withdraw its approval of the plea agreement. If a new judgment is entered, the trial court is directed to prepare a new abstract of judgment reflecting that judgment. The trial court is directed to forward either the amended abstract of judgment or the new abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

_____
                              Danner, J.

WE CONCUR:

_____
Greenwood, P.J.

_____
Grover, J.

**H047467**
*People v. Thomas*